IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO G. HERNANDEZ,

    Petitioner,                    No. 1:07-CV-00661 ALA HC

    vs.

JAMES WALKER, Warden[1]         ORDER

    Respondent.

_____/

    Armando G. Hernandez ("Petitioner"), a state prisoner, has filed an application for habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254(a) (doc. 1). Petitioner was convicted by a jury in the Kings County Superior Court of four counts of conspiring to bring a controlled substance into a state prison. Petitioner contends that the state trial court violated his federal constitutional rights.

    Respondent James Walker, the Warden of California State Prison, Sacramento, filed a motion to dismiss Petitioner's application on January 3, 2008 (doc. 17). Respondent maintains that it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner was granted a thirty-five day extension of time to file a response to Respondent's

---

[1] James Walker is substituted for his predecessor, Richard Subia, as the warden where the prisoner is incarcerated, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

1 motion to dismiss.  It was due on April 8, 2008.  No response was filed.  As explained below, the
2 Court concludes that Petitioner's application must be dismissed because it is time barred.

**I**

Petitioner was sentenced on October 30, 2003.  He was sentenced to an indeterminate sentence of twenty-five years to life consecutive to the sentence that Petitioner was already serving.

Petitioner filed a direct appeal from the trial court's judgment with the California Court of Appeal for the Fifth Appellate District.  That Court affirmed the judgment on December 2, 2004.  The California Supreme Court denied review on March 23, 2005.  Petitioner filed his application for habeas corpus relief in this Court on March 29, 2007.

**II**

**A**

In his application, Petitioner alleges that his federal constitutional right to due process was violated by failing to instruct the jury properly on the credibility of out of court statements.  He also asserts that he was denied his Sixth Amendment right to effective representation by counsel.  He further asserts that the trial court violated the Sixth Amendment by failing to appoint new counsel to represent him in preparing a motion for a new trial based on his trial counsel's ineffective representation.

**B**

Respondent filed a motion to dismiss Petitioner's application on January 3, 2008.  He alleges that Petitioner filed his application beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d) on April 24, 1996.  AEDPA applies to applications for a writ of habeas corpus relief filed after the effective date of that statute.  28 U.S.C. § 2254(a).  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). (en

banc). Because Petitioner's application for federal habeas corpus relief was filed after that date, the time limitations set forth in AEDPA apply in this matter.

The limitation provisions of AEDPA that apply here read as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of – the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The time to seek direct review ended on June 21, 2005, when the time expired for filing a petition for writ of certiorari with the United States Supreme Court, ninety days after the California Supreme Court denied his petition for review. The statute of limitations began to run the following day, June 22, 2005. Therefore, based on the time limitation set forth in AEDPA, the last day for Petitioner to file his § 2254(a) application was June 21, 2006. Petitioner did not file any State post-conviction collateral challenges. Accordingly, Petitioner's March 29, 2007 application for habeas corpus relief, was untimely pursuant to § 2244(d)(1)(A).

/////
/////
/////
/////
/////
/////

**Conclusion**

Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application for a writ of habeas corpus must be DISMISSED because it was untimely filed. The clerk is directed to enter judgment and close the case.

/////

DATED: July 17, 2008

                                              /s/ Arthur L. Alarcón
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation